UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BRYANT JUNCO,

        Plaintiff,

v.

        Case No. 24-cv-452-pp

UNITED GROUND EXPRESS, INC.,

        Defendant.

**ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2), SCREENING COMPLAINT AND REQUIRING PLAINTIFF TO FILE AMENDED COMPLAINT**

On April 15, 2024, the plaintiff—who is representing himself—filed a complaint, alleging that his former employer took adverse actions against him because he reported safety issues and assisted other individuals in reporting discriminatory conduct. Dkt. No. 1. The plaintiff also filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 2. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee but will require him to file an amended complaint.

**I.    Motion to Proceed Without Prepaying the Filing Fee (Dkt. No. 2)**

An indigent federal plaintiff "may commence a civil action without prepaying fees or paying certain expenses." Coleman v. Tollefson, 575 U.S. 532, 534 (2015). To qualify to proceed without prepaying the filing fee, a plaintiff must fully disclose his financial condition, and must do so truthfully under penalty of perjury. See 28 U.S.C. §1915(a)(1) (requiring the person seeking to

1

proceed without prepayment to submit "an affidavit that includes a statement of all assets [they] possess[]").

The plaintiff's affidavit lists his total monthly wages or salary of $1,500 with an additional $350 from Air BNB, totaling income of $1,850 per month. Dkt. No. 3 at 2. This income is offset by the plaintiff's reported $2,325 worth of monthly expenses. Id. This includes $125 in car insurance, $1,000 in rent, $150 in credit card payments and $350 in other household expenses. Id. at 2-3. The plaintiff states that he is not married but does have a dependent for whom he pays $700 a month in child support. Id. at 1. Additionally, the plaintiff states that he is "a single father of a 2-year-old living check to check with a monthly deficit" and that he "was working two jobs, but suffered income loss due to being wrongfully terminated by the employer (defendant in this action)." Id. at 4.

Based on the information in the plaintiff's affidavit, the court concludes that the plaintiff does not have the ability to prepay the filing fee. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee. The court advises the plaintiff, however that he remains responsible for paying the filing fee over time. Robbins v. Switzer, 104 F.3d 895, 898 (7th Cir. 1997). When a court grants a motion allowing a plaintiff to proceed without prepaying the filing fee, it means only that the person does not have to pre-pay the full filing fee up front; the plaintiff still owes the filing fee. See Rosas v. Roman Catholic Archdiocese of Chi., 748 F. App'x 64, 65 (7th Cir. 2019) ("Under 28

U.S.C. § 1915(a), a district court may allow a litigant to proceed 'without *prepayment* of fees,' but not without *ever* paying fees.") (emphasis in original)).

**II.    Screening the Complaint**

   A.    Legal Standard

The court next must decide whether the plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). A document filed by a self-represented litigant must be "liberally construed[.]" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citation and internal quotation marks omitted). Similarly, a complaint filed by a self-represented litigant, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Id. The court, however, is "not charged with seeking out legal 'issues lurking within the confines' of the [self-represented] litigant's pleadings, and the court's duties certainly do 'not extend so far as to require the court to bring to the attention of the pro se litigant or to decide the unraised issues.'" Kiebala v. Boris, 928 F.3d 680, 684-85 (7th Cir. 2019) (quoting Caruth v. Pinkney, 683 F.2d 1044, 1050 (7th Cir. 1982).

Even though courts liberally construe their filings, self-represented litigants still must comply with Federal Rule of Civil Procedure 8(a)(2), which requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." A plaintiff does not need to plead every fact supporting his claims; he needs only to give the defendants fair

3

notice of the claim and the grounds upon which it rests. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). To state a claim against the defendants, the complaint must contain allegations that "'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Legal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to this presumption of truth. Id. at 663-64.

    B.    The Plaintiff's Allegations

From October 11, 2022 until February 27, 2024, the plaintiff worked for United Ground Express, Inc Dkt. No. 1 at 2. The plaintiff alleges that "[o]ver the course of [his] employment, [he] was intentionally harassed/targeted/retaliated against by management for assisting individuals of various protected classes in authoring and submitting complaints regarding the employer's discrimination conduct." Id. He asserts that this violates Title VII of the Civil Rights Act of 1964. Id. The plaintiff alleges that his employer harassed/targeted/retaliated against him for "bringing up various safety issues throughout [his] employment," which he claims violates the Occupational Safety and Health Act of 1970, the Wendell H. Ford Aviation Investment and Reform Act and the Railway Labor Act. Id.

4

The plaintiff asserts that on February 27, 2024, his employer terminated him without cause, which he alleges caused him to suffer damages including lost wages, embarrassment and mental anguish. Id. at 2. He asserts that he "was issued EEOC right to sue letter 1/16/24." Id.

The plaintiff lists three alternative options for relief. Id. at 4. (1) "Request to have employment reinstated and $150,000 punitive damages" OR (2) "Flight benefits (retiree and SADV priority) for 20 years and $250,000 punitive" OR (3) "$1,000,000 punitive/compensatory damages." Id. The plaintiff also requests that Michaela Roudabush, Rob Edmondson, Patricia Reid and Matthew Memishee be terminated. Id.

C. Analysis

The limited information in the complaint fails to state a claim upon which a federal court may grant relief.

1. *Harassment & Retaliation for Assisting in the Submission of Employment Discrimination Complaints*

Under Title VII, the plaintiff must first establish a *prima facie* case of discrimination. He must offer evidence that (1) "[he] is a member of a protected class, (2) [his] job performance met [the employer's] legitimate expectations, (3) [he] suffered an adverse employment action, and (4) another similarly situated individual who was not in the protected class was treated more favorably than the plaintiff." Burks v. Wis. Dep't of Transp., 464 F.3d 744, 750–51 (7th Cir. 2006) (citing McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973)). Title VII also prohibits retaliation against employees who "opposed" any discriminatory practice or "made a charge, testified, assisted, or participated in

any manner in an investigation, proceeding, or hearing" regarding an employer's allegedly discriminatory practices. Crawford v. Metro. Gov't of Nashville & Davidson Cnty, Tenn., 555 U.S. 271, 274 (2009) (quoting 42 U.S.C. §2000e-3(a)). "To prove a case of retaliation, a plaintiff must show: (1) [he] engaged in statutorily protected expression; (2) [he] suffered an adverse action at the hands of [his] employer; and (3) there was a causal link between the two." Fine v. Ryan Int'l Airlines, 305 F.3d 746, 751–52 (7th Cir. 2002).

The complaint alleges that the plaintiff assisted individuals in protected classes to submit complaints detailing their employer's allegedly discriminatory conduct and that he subsequently was terminated without cause. The plaintiff has alleged the third element of his *prima facie* case—that he suffered an adverse employment action—but he has not sufficiently pled the remaining elements of a discrimination claim. He has not alleged sufficient facts demonstrating that he is a member of a protected class, that his job performance met his employer's legitimate job expectations or that other similarly situated individuals who were not in the protected class were treated more favorably. The complaint does not state a claim upon which relief may be granted.

The complaint also fails to state a retaliation claim. While the plaintiff appears to allege that he "opposed" discriminatory practices by assisting others to make complaints of discrimination, the complaint provides no detail about the contents of those complaints or how he assisted his coworkers in making them. The opposition clause of Title VII requires that the plaintiff "reasonably

6

believed in good faith that the practice [he] opposed violated Title VII." Fine, 305 F.3d at 752. Without more detail regarding the complaints with which the plaintiff alleges he assisted, the court cannot determine whether he had a reasonable belief that he was opposing discriminatory practices. Mattson v. Caterpillar, Inc., 359 F.3d 885, 891–92 (7th Cir. 2004) (plaintiff must have a good faith, reasonable basis to believe he is opposing discriminatory practices to state a claim for retaliation under the opposition clause of Title VII). Nor does the complaint allege sufficient facts supporting a "causal link" between the alleged protected activity and the plaintiff's termination. For instance, how close in time were the protected activity and the termination? Did the defendant make any comments suggesting retaliatory animus?

Because the complaint does not sufficiently identify any protected activity or provide factual allegations supporting a causal connection between the protected activity and the plaintiff's termination, the plaintiff fails to state a claim for retaliation.

2. *Harassment & Retaliation for Reporting Safety Issues*

The complaint alleges that the plaintiff brought up various safety issues throughout his employment, and that he was "harassed/targeted/retaliated against" by management for doing so. To the extent that the plaintiff alleges that he was discriminated against due to his conduct, the complaint fails to state a claim. Again, the complaint does not allege that the plaintiff is a member of a protected class and that others outside of his protected class reported safety issues and were not terminated. Nor does the complaint state a

7

retaliation claim. It does not describe the protected activity under Title VII in which the plaintiff allegedly engaged or the causal connection between this protected activity and the adverse employment action. Simply stating that the plaintiff brought up safety issues and was "harassed/targeted/retaliated against" because of doing so is not sufficient. "Safety issues" are not a discriminatory practice under Title VII. Commenting on safety issues does not qualify as "opposing" a discriminatory practice or "participating" in an investigation regarding an employer's allegedly discriminatory practices. The complaint fails to state a claim for retaliation upon which relief may be granted under Title VII.

The complaint also asserts that the defendants violated the Occupational Safety and Health Act of 1970 ("OSHA") and the Wendell H. Ford Aviation Investment and Reform Act, but it does not explain how the defendant's conduct allegedly violated those statutes.

To state a retaliation claim under OSHA, a plaintiff must file a complaint with the Secretary of Labor alleging the discrimination within thirty days after the violation. The Secretary will investigate as he or she deems appropriate; if the Secretary determines that discrimination has occurred, the Secretary will bring an action in any appropriate United States district court against the employer. 29 U.S.C. §660(c)(2). The plaintiff has not demonstrated that he took any of the steps required by §660; it appears that he brought his claim directly to this court. The complaint does not state a claim for violation of OSHA.

8

The Wendell H. Ford Aviation Investment and Reform Act (42 U.S.C. §42121) states that "'no air carrier or contractor or subcontractor of an air carrier may discharge an employee or otherwise discriminate against an employee with respect to compensation, terms, conditions, or privileges of employment' when the employee provides information regarding violations 'relating to air carrier safety' to his or her employer or federal authorities." Lawson v. FMR LLC, 571 U.S. 429, 434 (U.S., 2014) (quoting 49 U.S.C. §42121). Subsection (b) of the Act specifies the procedure an employee must use to file a complaint. No later than ninety days after the date on which the violation occurs, the employee must file with the Secretary of Labor a complaint alleging discharge or discrimination under subsection (a). 49 U.S.C. §42121(b)(1). Upon receiving the complaint, the Secretary will provide written notification to the entity named in the complaint and the Administrator of the Federal Aviation Administration "of the filing of the complaint, of the allegations contained in the complaint, of the substance of evidence supporting the complaint, and the opportunities that will be afforded to such person . . . ." Id. After affording the person named in the complaint the opportunity to submit a written response to the Secretary and an opportunity to meet with a representative of the Secretary to present statements from witnesses, the Secretary must investigate to "determine whether there is probable cause to believe that a violation of subsection (a) has occurred." Id at §42121(b)(2)(A).

Again, the plaintiff has provided no evidence that he followed the procedures outlined in §42121(b). He has not demonstrated that before coming

to federal court, he filed a complaint with the Secretary of Labor. His complaint does not describe any specific discriminatory practices by his employer "with respect to compensation, terms, conditions, or privileges of employment" when reporting alleged safety violations. 49 U.S.C. §42121(a). The complaint does not state a claim for violation of the Wendell H. Ford Aviation Investment and Reform Act.

### III.  Miscellaneous

For all these reasons, the court must dismiss the plaintiff's complaint, but it will do so "without prejudice." That means that the plaintiff may, if he chooses to, file an amended complaint by the deadline the court will set below. If the plaintiff decides to file an amended complaint, there are things he should keep in mind. First, an amended complaint takes the place of, or "supersedes," the original complaint. Flanner v. Recording Indus. Ass'n of Am., 354 F.3d 632, 638 n.1 (7th Cir. 2004). That means that the plaintiff must include in the amended complaint all the facts supporting his claims; he cannot simply tell the court to go back and look at what he alleged in his original complaint. With this order, the court is sending the plaintiff a blank amended complaint form. The plaintiff must use this form in preparing his amended complaint. He must put the case number for this case—Case No. 24-cv-452—in the space provided on page 1. The plaintiff should use the spaces on pages 3 and 4 to recite the facts of his claims; if that is not enough space, he may use up to three additional, double-spaced pages. Again, the amended complaint must be

complete in itself. It may not refer the court back to allegations in the original complaint.

Second, in his complaint under relief wanted, the plaintiff states "terminate Michaela Roudabush, Rob Edmondson, Patricia Reid and Matthew Memishee." But the complaint does not name these individuals as defendants and does not explain who they are or what they did to violate the plaintiff's rights. Perhaps these individuals worked for the defendant, but the court cannot make that assumption. Even if these individuals worked for the defendant, this federal court does not have the authority to order employers to fire people. Title VII authorizes the court to grant compensatory and punitive damages or equitable relief such as reinstatement with or without back pay. 42 U.S.C. §§1981a(a)(1), 2000e-5(g). Although the court has "broad discretion to fashion an equitable remedy that makes whole a plaintiff who has been discriminated against by his employer," Bruso v. United Airlines, Inc., 239 F.3d 848, 863 (7th Cir. 2001), the court does not act as a "super-personnel board" and cannot dictate an employer's business decisions regarding other employees, Guerrero v. Ashcroft, 253 F.3d 309, 314 (7th Cir. 2001). Further, Title VII does not authorize suits against individuals. Williams v. Banning, 72 F.3d 552, 555 (7th Cir. 1995). If the plaintiff decides to file an amended complaint, he should request only the relief which this federal court has the authority to grant.

If the plaintiff elects to file an amended complaint, he must file it in time for the court to *receive* it by the deadline the court sets below. If the court does

not receive an amended complaint by that deadline, the court will dismiss this case with prejudice, and without further notice or hearing.

## IV. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **ORDERS** that the complaint is **DISMISSED WITHOUT PREJUDICE**.

The court **ORDERS** that if the plaintiff wishes to proceed with this case, he must file an amended complaint in time for the court to *receive* it by the end of the day on **December 6, 2024**. If the court does not receive an amended complaint, or a motion asking for additional time to file one, by the end of the day on December 6, 2024, the court will dismiss this case with prejudice for failure to state a claim upon which relief can be granted.

Dated in Milwaukee, Wisconsin this 1st day of November, 2024.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**